UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cr-00214-RFB |
| ) | |
| vs. ) | ORDER |
| ) | |
| DANIEL WALTER SYDOW, ) | |
| ) | |
| Defendant. ) | |

    Defendant Daniel Walter Sydow is charged in an Indictment with bank robbery. Docket No. 8. He appeared before the Court for an arraignment and plea on July 30, 2015. Crane Pomerantz appeared on behalf of the United States and Rebecca Levy of the Federal Public Defender's Office appeared on behalf of Defendant.

    During the hearing, Ms. Levy, who was appointed to represent Defendant on July 9, 2015, represented to the Court that she has reason to question the competence of Defendant to understand the charges against him and assist in his defense. The Court, therefore, has reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore orders a mental competency evaluation pursuant to 18 U.S.C. §§ 4241(a) and 4242.

. . . .

. . . .

**IT IS ORDERED** that:

1. In accordance with 18 U.S.C. §§ 4241, 4242 and 4247, the United States Marshal's Service shall forthwith transport Defendant Daniel Walter Sydow to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

   a. whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   b. whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

2. Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days.  18 U.S.C. § 4247(b).

3. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists.  18 U.S.C. § 4247(b).

4. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination.  The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Crane Pomerantz, Assistant United States Attorney, and to Rebecca Levy, Assistant Federal Public Defender.

5. The report shall include:

   a. Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological or medical tests that were employed and their results;

   c. The examiner's findings;

   d. The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

      e.      Whether Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a) and 4247(c).

The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial and his sanity at the time of the offenses charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

Additionally, the Court sets a status hearing on this matter for September 8, 2015, at 10:00 a.m., in Las Vegas Courtroom 3A.

IT IS SO ORDERED.

DATED: July 31, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge