# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WALTER SYDOW,<br><br>Defendant. | Case No. 2:15-cr-00214-RFB<br><br>**ORDER FINDING DEFENDANT SYDOW NOT COMPETENT TO STAND TRIAL** |

## I.    INTRODUCTION

For the reasons stated below, the Court finds that Daniel Sydow is incompetent to stand trial on federal criminal charges and commits Daniel Sydow to the custody of the Attorney General based on this finding.

## II.    BACKGROUND

On July 22, 2015, Daniel Sydow was charged via the Indictment with one count of bank robbery under 18 U.S.C. § 2113(a). ECF No. 8. On July 30, 2015, at Mr. Sydow's initial appearance, defense counsel requested a competency evaluation to determine (1) whether the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of consequences of the proceedings against him or to assist properly in his defense; and (2) whether defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission

of the charged offenses, under 18 U.S.C. §§ 4241, 4242, and 4247, and Rule 12.2(c) of the Federal Rules of Criminal Procedure. ECF No. 12.  On July 31, 2015, the Court ordered a competency evaluation by the Bureau of Prison (BOP). ECF No. 11.

Mr. Sydow was transferred to the BOP Metropolitan Detention Center in Los Angeles for a competency examination. On October 29, 2015, the BOP evaluator, Dr. Tiffany Smith,[1] filed two reports, a Forensic Evaluation Report and an Addendum on the Issue of Responsibility, concluding that Mr. Sydow is competent. ECF No. 22. On April 1, 2016, Defendant filed an examination report submitted by Dr. Norton A. Roitman finding Mr. Sydow to be incompetent. ECF No. 34.

Defendant's counsel filed a motion for competency hearing on April 8, 2016. ECF No. 33. The government did not file an opposition to this motion. The Court granted this motion on May 10, 2016. ECF No. 36. The government filed an Emergency Motion for a Follow-Up Competency Examination on May 13, 2016, which the Court denied. ECF Nos. 37, 38. The Court held a competency hearing on May 23, 2016 and heard oral argument regarding Defendant's competency on June 1, 2016. ECF Nos. 46, 47.

### III.   LEGAL STANDARD

The Due Process Clause of the Fifth Amendment prohibits trying a defendant who is mentally incompetent. Cooper v. Oklahoma, 517 U.S. 348, 354 (1996); Pate v. Robinson, 383 U.S. 375, 378 (1966). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope v. Missouri, 420 U.S. 162, 171 (1975).

18 U.S.C. § 4241(d) "establishes a two-part disjunctive test of competency: If ... the [district] court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is

---

[1] Dr. Smith was known as Dr. Brown at the time she submitted her report, but for the sake of clarity the Court refers to her, as she as presently known, as Dr. Smith.

- 2 -

unable[1] to understand the nature and consequences of the proceedings against him or [2] to assist properly in his defense, the court shall [declare the defendant incompetent and] commit [him or her] to the custody of the Attorney General." United States v. Friedman, 366 F.3d 975, 980 (9th Cir. 2004).

## IV.  FACTUAL FINDINGS

The Court makes the following factual findings. Mr. Sydow was previously hospitalized for significant periods of time from 2001 to 2007 in the Florida State Hospital in Chattahoochee. Def.'s Ex. B at 1. His health records from the King County Jail in Florida indicate that he was diagnosed in the jail with Schizophrenia, paranoid type. Id. A similar diagnosis was reached at the Northeast Florida State Hospital in 2007. Id. On September 2, 2008, Mr. Sydow was admitted to Western State Hospital in Florida and was observed and evaluated by treatment and forensic staff, where he was diagnosed with Schizoaffective Disorder, bipolar type by Dr. Hendrickson. Id. at 2. Dr. Hendrickson conducted an evaluation of Mr. Sydow's competency to stand trial and noted that he exhibited a fixed delusional belief about the court system. Id. Specifically, Mr. Sydow indicated that his deceased father, who was speaking with God, could convey information to the judge in his case, who would in turn send him back to a hospital in Florida. Id. As a result of this examination, Dr. Hendrickson noted that while Mr. Sydow had a basic understanding of the court system, his delusional beliefs interfered with his ability to assist his attorney in his own defense. Id.

Mr. Sydow was returned to Western State Hospital one month later on October 2, 2008 for treatment and evaluation regarding competency, during which time many of the same psychotic symptoms were reported. Id. Specifically, Mr. Sydow stated to Dr. Hendrickson that he "wouldn't discuss [his] case with his lawyer" because of his plan with God, and that "God doesn't lie to you…what God says is." Id.

After this second Western State Hospital evaluation, Mr. Sydow's attorney noted ongoing difficulties working with his client and hired an independent examiner to conduct a second competency evaluation; Dr. Young, submitted on February 23, 2009. Id. at 3. Dr. Young found

that Mr. Sydow experienced and continued to experience auditory hallucinations for the past 30 years. Id. at 8. Dr. Young found that Mr. Sydow's ability to think and converse rationally regarding his case was heavily impacted by a persistent and delusional belief that a resolution by God had been reached, which required that he plead guilty, at which point the judge would send him back to Florida. Id. at 11. As a result, Dr. Young concluded that Mr. Sydow lacked the capacity to consult rationally with his attorney in the preparation of a defense and that despite the fact that his delusions may lessen or cease with treatment, it was equally likely that his delusions would persist. Id. at 12.

Dr. Young and Dr. Hendrickson's findings regarding Mr. Sydow's competency are consistent with those of Dr. Roitman's. ECF No. 34. Dr. Roitman conducted his evaluation of Mr. Sydow in February 2016. Id. The Court finds Mr. Sydow's statements to Dr. Roitman during the course of his evaluation to be credible and consistent with statements made to Dr. Young and Dr. Hendrickson previously. See Def.'s Ex. B; ECF No. 34. Dr. Roitman found that Mr. Sydow was driven by delusions. ECF No. 34, 7-9. Mr. Sydow stated that "he had an arrangement with God" and that "God's divine powers would somehow cause the court to give him a seven year sentence." Id. at 7-8. These beliefs were immutable. Id. at 8. Because of this belief, Mr. Sydow indicated that he would not comply with his attorney or the legal procedural process, as he did not understand the relevance or significance of doing so given his arrangement with God. Id. at 7-8. Mr. Sydow did not appreciate or differentiate his personal beliefs from the court's imperatives based on the legal system. Id. at 8. Dr. Roitman concluded that Mr. Sydow lacked the capacity to proceed to trial because of his inability to assist his attorney in his case, and stated that even if Dr. Smith's evaluation were valid, Mr. Sydow was currently swayed by delusions that impair his competence with respect to his case. Id. at 9.

While BOP expert Dr. Smith concluded that Mr. Sydow was competent to stand trial in her reports submitted in October 2015, Dr. Smith agreed at the competency hearing on May 23, 2016 that Mr. Sydow's hallucinations as described by Dr. Roitman would qualify as an impairment that would render him incompetent. Specifically, Dr. Smith indicated that a belief by Mr. Sydow that he has a specific arrangement with God to serve a 7 year sentence, would be an indication of a

fixed delusional belief that would render him incompetent. Therefore, the Court does not find that Dr. Smith's opinion is in contradiction with the opinions of the three other experts in this case, in particular Dr. Roitman's. On the contrary, the Court finds that Dr. Smith's findings in her 2015 report can be read consistently with Dr. Roitman's, as well as Dr. Hendrickson's and Dr. Young's.

V.      DISCUSSION

Based on the Court's factual findings, the Court finds that Mr. Sydow, who suffers from a schizoaffective disorder and who believes that he has an arrangement with God in which he must and can only serve a 7 year sentence irrespective of the actions of the attorneys in his case or even those of the judge, is unable to assist properly in his defense and therefore incompetent to stand trial under Section 4241(d). The Court finds that Mr. Sydow is not competent and therefore remands him to the custody of the Attorney General.

The Court notes that there are four expert opinions regarding Mr. Sydow's competence: two prior opinions from Dr. Young and Dr. Hendrickson from 2008 and 2009, See Def.'s Ex. B; and the reports from Dr. Smith and Dr. Roitman from 2015 and 2016, See ECF Nos. 22, 34. All four experts agree that Mr. Sydow suffers from schizoaffective disorder. See Def.'s Ex. B, ECF Nos. 22, 34. The Court finds that each of these experts' diagnoses supports a current finding of incompetence based on the specific delusional beliefs articulated by Mr. Sydow to Dr. Roitman.

Additionally, the Court has had multiple occasions to observe Mr. Sydow.  Mr. Sydow possesses a sincere and unshakable belief that God, or some higher power, has already determined that he must serve a specific sentence of seven years, irrespective of the actions of his lawyer, the government, or the Court—and because of this belief, he is unable and unwilling to assist his counsel in his own defense. The Court finds that Mr. Sydow has strongly expressed his preference to proceed in his case in anticipation of obtaining the seven year sentenced arranged by God. Therefore, the Court finds that while Mr. Sydow may understand the nature and object of the proceedings against him, he is unable to assist in preparing his defense. See Drope v. Missouri, 420 U.S. 162, 171 (1975).

Based on Mr. Sydow's history of mental health issues, the four expert reports before it, the testimony and evidence presented at the competency hearing, and the factual findings as articulated above, the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense and therefore stand trial, pursuant to Section 4241(d). See United States v. Friedman, 366 F.3d 975, 980 (9th Cir. 2004). While it is possible that Mr. Sydow's mental impairment could remit with certain intensive treatment, there is not a substantial probability that he would be rendered competent.

## VI. CONCLUSION

**IT IS ORDERED** that Mr. Sydow is committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4241(d). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or the pending charges against him are disposed of according to law; whichever is earlier.

**IT IS FURTHER ORDERED** that a status hearing is set for September 12, 2016 at 2:00 PM at which time the parties shall apprise the court as to the status of this matter.

**IT IS FURTHER ORDERED** that the parties shall file a status report by August 29, 2016.

**DATED**: June 28, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**