# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES, | Case No. 2:15-cr-00214-RFB |
| Plaintiff, | **ORDER** |
| v. | |
| DANIEL WALTER SYDOW, | |
| Defendant. | |

Before the Court is the government's Motion for Competency Determination [ECF No. 82]. The Court GRANTS that Motion and hereby issues its finding as to Mr. Sydow's incompetence to proceed to trial. This Order is intended to trigger the procedure in 18 U.S.C. § 4246.

## I. BACKGROUND

On July 22, 2015, a grand jury indicted Sydow for one count of Bank Robbery in violation of 18 U.S.C. § 2113(a).

At a July 30, 2015 hearing, Sydow was referred for a competency evaluation. On November 12, 2015, after the Court found Sydow competent to proceed to trial, a trial date was set for December 9, 2015. Sydow's counsel then filed a sealed motion for a competency hearing. The Court granted that motion in chambers on May 10, 2016. The Court denied the Government's May 13, 2016 emergency motion for a follow-up competency evaluation. The Court subsequently held a hearing and determined that Sydow was incompetent to stand trial. On

June 28, 2016, this Court issued an order that Sydow be "committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4241(d)."

On November 3, 2016, Sydow arrived at FMC Springfield and began receiving treatment. Sydow underwent treatment and evaluation in Springfield. The psychologist treating Sydow produced a July 21, 2017 report (the "July 21 Report") on Sydow's current treatment and competency to stand trial. The July 21 Report advised that Sydow was not competent to stand trial, but the treating psychologist requested an additional ninety-day period in which to continue treating Sydow in an effort to restore him to competency. On August 2, 2017, the Court held a hearing on several motions. At the hearing, the Court provided counsel for the Government and Sydow a copy of BOP's July 21, 2017 report. The Court found at the hearing that Sydow could not be restored to competence as contemplated by Section 4241 and rejected the treating psychologist's request for an additional ninety-day period to treat Sydow.

## II. LEGAL STANDARD

The determination of competency under federal law proceeds under 18 U.S.C. § 4241. Section 4241 authorizes a court to order the detention of a criminal defendant for purposes of competency evaluation and the production of a competency report. Id. If the court makes an initial determination that a defendant is not competent then Section 4241(d) authorizes the court to order that the defendant be hospitalized to receive further treatment to determine if he can be restored to competence. Id. If after four months or such other time period the court authorizes pursuant to the statute, the court determines that "mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." Id.

Title 18 United States Code, Section 4246, which governs "[h]ospitalization of person due for release but suffering from mental disease or defect," provides that a dangerousness hearing occurs only if the director of the facility treating the defendant first certifies that: (1) the defendant is presently suffering from a mental disease or defect; (2) due to that defect/disease, the defendant's release would create a substantial risk of bodily injury or serious property

damage to another person; and (3) suitable arrangements for State custody and care of the person are not available. 18 U.S.C. § 4246(a).

If the facility director certifies those three facts, the certificate must be "transmit[ted]" to the clerk of the "court for the district in which the person is confined." Id. The clerk of that district court must then "send a copy of the certificate" to the defendant, the Government attorney, and the clerk of the district court that "ordered the commitment" "pursuant to section 4241(d)[.]" Id. At that point, the district court in which the person is confined "shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." Id. A district court does not have statutory authority to conduct a dangerousness hearing under § 4246 unless the director has first filed a certification. United States v. Lapi, 458 F.3d 555, 562 (7th Cir. 2006) ("§ 4246 is triggered only by the filing of a Certificate of Mental Disease or Defect and Dangerousness by the 'director of [the] facility in which [the defendant] is hospitalized'"); United States v. Baker, 807 F.2d 1315, 1324 (6th Cir. 1986) ("[B]y failing to adhere to the [certification] procedures outlined in section 4246, the district court lacked statutory authority to commit Baker.")

### III. DISCUSSION

The Court finds that Mr. Sydow is not competent to proceed to trial pursuant to Section 4241. The Court incorporates by reference its previous findings and reasoning in earlier hearings on the issue of competency.

The Court further bases its determination of incompetence on the Bureau of Prison's July 21 Report—which is filed in the sealed portion of the docket. This Report found that Sydow was not competent to proceed to trial. The Court concurs and adopts the findings of the Report as to the reasons why Sydow is not competent to proceed to trial. The Court will not quote from the details of the Report to protect Sydow's privacy regarding his medical condition in this public order. The Court simply summarizes its findings by noting that the delusional beliefs of Sydow

and their historical prevalence in his mental health history render him incompetent to proceed to trial.

The Court, as noted at the prior hearing, does not find that Sydow can be shortly restored to competence. The nature of Sydow's delusional beliefs and the fact that he has maintained these beliefs even in the face of treatment for an extend period of time do not support the conclusion that he can likely be restored to competence. Indeed, it is likely that he has actually been incompetent for some time.

### IV.     CONCLUSION

For the reasons noted, the Court finds pursuant to 18 U.S.C. §4241 that Mr. Sydow is not competent to proceed to trial and cannot be restored to competence. The case will be referred to the Western District of Missouri for further proceedings pursuant to 18 U.S.C. §4246.

Accordingly,

**IT IS HEREBY ORDERED** the Court finds pursuant to U.S.C. § 4241 that Mr. Sydow is not competent to proceed to trial and cannot be restored to competence.

**IT IS FURTHER ORDERED** that the Clerk of Court shall convey this Order to the warden or director of the Bureau of Prison's medical facility—USMCFP Springfield in Springfield, Missouri—where Mr. Sydow is currently hospitalized.

**IT IS FURTHER ORDERED** that this case is hereby referred to the Western District of Missouri, where Mr. Sydow is detained and hospitalized, for further proceedings pursuant to 18 U.S.C. § 4246. The Clerk of Court will convey this Order to the Clerk in the Western District of Missouri so the case may be assigned as appropriate in that District.

DATED October 23, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**